IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

REY DE LOS SANTOS SANJURJO

SANTIAGO,

    **Plaintiff**

        **v.**

METROPOLITAN BUS AUTHORITY, <u>et</u>

<u>al.</u>,

    **Defendant(s)**

**CIVIL NO.** 09-1268 (JAG)

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court is Defendant Metropolitan Bus Authority's ("AMA" for its initials in Spanish) motion to dismiss. (Docket No. 11). For the reasons set forth below, the Court **GRANTS** the motion to dismiss.

### FACTUAL AND PROCEDURAL BACKGROUND

The present suit was filed on March 18, 2009 by Plaintiff Rey De Los Santos Sanjurjo Santiago ("Plaintiff") against AMA and several unnamed defendants (collectively "Defendants"). Plaintiff alleges that Defendants are liable for injuries sustained by Plaintiff while riding on a bus operated by AMA. According to Plaintiff, AMA's conduct during this incident violated his civil rights, including his rights under the First, Fifth and Fourteenth

Civil No. 09-1268 (JAG)                                          2

Amendments. Plaintiff brings claims under Title II of the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 et seq., section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 794 et seq., and 42 U.S.C. §§ 1981, 1983, 1985 and 1986. Plaintiff also submits supplementary state law claims pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 Laws P.R. Ann. §§ 5141-42.

Plaintiff avers that he is a physically disabled, HIV-positive individual suffering from a substantial degree of physical impairment due to cerebral palsy and other health conditions, and that he has a highly compromised immune system. Moreover, Plaintiff attests that he is severely limited in his ability to move about by his own efforts and that at all times relevant to his complaint utilized a motorized wheelchair for his everyday movement. Plaintiff claims that he required and regularly availed himself of AMA's transportation services for disabled riders. According to Plaintiff, these specialized services consist of a number of buses and other vehicles equipped to accommodate individuals with disabilities, including wheelchair-bound passengers.

Plaintiff alleges that on July 14, 2006, at approximately 7:00 p.m., he used his motorized wheelchair to board an AMA bus by means of a specialized ramp designed to provide access to wheelchair-bound riders. Plaintiff claims that the bus was being driven by Mr. Rolando Claudio Esquilín, an AMA employee. According to Plaintiff,

once he boarded the bus the bus driver assisted in moving him to a specially-designated area behind the driver's seat and appeared to secure his wheelchair with seatbelts in accordance with familiar and established procedures. Plaintiff claims that the bus driver then returned to the driver's seat and resumed driving.

Plaintiff alleges that the bus driver made a sharp turn at an intersection of Roberto Sánchez Vilella Avenue near a McDonald's restaurant. According to Plaintiff, this caused his wheelchair to fall on its side in a violent manner and that he himself was thrown to the ground with considerable force. Plaintiff asserts that he sustained physical injuries including contusions, abrasions, traumas, cuts and bruises and began to bleed profusely from his legs and forearms. Plaintiff claims that he immediately felt intense pain and cried out. Plaintiff states that the bus driver then stopped the bus, came to his assistance, and put the wheelchair back into an upright position.

Plaintiff asserts that the bus driver then assessed the nature and extent of Plaintiff's injuries. According to Plaintiff, the driver then departed from the established route and, at Plaintiff's specific request, drove the bus to San Francisco Hospital on José De Diego Avenue in Río Piedras. Additionally, Plaintiff alleges that upon reaching the hospital, the bus driver dropped him off at the emergency room entrance and drove away without waiting for medical personnel to arrive and attend him.

Civil No. 09-1268 (JAG)                                              4

Plaintiff claims that due to his precarious health and as a direct consequence of the accident he developed serious medical complications including inflammation, redness, swelling, cellulitis and infections. According to Plaintiff, these complications further increased his pain and discomfort and caused him anxiety and fear. Additionally, Plaintiff alleges that he continues to suffer from pain and discomfort and severe anxiety about the possible consequences of his injuries.

Plaintiff claims that his injuries were a direct consequence of negligent driver training, negligent conduct by the bus driver in failing to adequately secure the wheelchair, negligent driving, and AMA's careless indifference to and callous disregard of his needs. Plaintiff requests declaratory judgment in his favor and compensatory, punitive and emotional damages for the alleged consequences of this incident which, as mentioned before, occurred on July 14, 2006. (Docket No. 2).

On July 13, 2007, Plaintiff, along with his mother and siblings, filed a complaint in this District, which was assigned Civil No. 07-1626 (SEC). (Docket No. 11-2). They alleged claims arising out of the same incident just described. Plaintiff and his family sued the AMA, the Commonwealth of Puerto Rico and the Department of Public Transportation ("DTOP") for damages suffered by Plaintiff and for the mental anguish of his family. Then as now, Plaintiff's claims were brought under the ADA, the Rehabilitation

Civil No. 09-1268 (JAG)                                          5

Act, and sections 1981, 1983, 1985 and 1986.

On March 11, 2008, United States Senior District Judge
Salvador E. Casellas issued an opinion and order dismissing all
claims against the Commonwealth of Puerto Rico and the DTOP.
(Docket No. 11-3). In that opinion, Judge Casellas further ordered
Plaintiff to provide proof of service against AMA or a showing of
good cause for failure to do so by March 17, 2008. Judge Casellas
ordered that if Plaintiff failed to provide proof or show good
cause by that date, his claims against AMA would be dismissed
without prejudice pursuant to Fed. R. Civ. P. 4(m) which, as then
worded, provided that "[i]f the service of the summons and
complaint is not made upon a defendant within 120 days after the
filing of the complaint, the court, upon motion or its own
initiative after notice to the plaintiff, shall dismiss the action
without prejudice as to that defendant or direct that service be
effected within a specified time . . . ." Judge Casellas noted that
Plaintiff and his family had failed to provide proof of service
nearly four months after such proof was due on November 13, 2007.

On March 18, 2008, Judge Casellas issued a judgment dismissing
the claims against AMA pursuant to Rule 4(m). (Docket No. 11-4).
Judge Casellas noted that it had been more than eight months since
Plaintiff filed his complaint and that he had neither provided
proof of service upon AMA nor shown good cause for his failure to
do so. Furthermore, Judge Casellas noted that the court is vested

Civil No. 09-1268 (JAG)                                                    6

with inherent power to manage its affairs so as to achieve expeditious disposition of cases and that needless delays are inherently prejudicial to the court.

On March 18, 2009, Plaintiff filed the present complaint against Defendants. (Docket No. 2). On April 29, 2009, AMA filed the motion to dismiss presently pending before the Court. In said motion, AMA argues that Plaintiff's claims brought under the ADA, the Rehabilitation Act, sections 1983, 1985 and 1986, and Articles 1802 and 1803 are time barred. Additionally, AMA argues that Plaintiff's claims brought pursuant to the ADA, the Rehabilitation Act, and sections 1981, 1983, 1985 and 1986 should be dismissed on the grounds that Plaintiff failed to state claims for which relief can be granted. Finally, AMA argues that the Court should decline to exercise supplemental jurisdiction over any remaining state claims. (Docket No. 11). Plaintiff did not file an opposition to the motion to dismiss.

## STANDARD OF REVIEW

In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559). While Twombly does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line

Civil No. 09-1268 (JAG)                                              7

from conceivable to plausible." Twombly, 550 U.S. at 570.
Accordingly, in order to avoid dismissal, the plaintiff must
provide the grounds upon which his claim rests through factual
allegations sufficient "to raise a right to relief above the
speculative level." Id. at 555.

        In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme
Court recently upheld Twombly and clarified that two underlying
principles must guide this Court's assessment of the adequacy of
the plaintiffs's pleadings when evaluating whether a complaint can
survive a Rule 12(b)(6) motion. See Iqbal, 129 S.Ct. at 1949-50.
First, the court must identify any conclusory allegations in the
complaint as such allegations are not entitled to an assumption of
truth. Id. at 1949. "[T]he tenet that a court must accept as true
all of the allegations contained in a complaint is inapplicable to
legal conclusions. Threadbare recitals of the elements of a cause
of action, supported by mere conclusory statements, do not
suffice." Id. (citing Twombly, 550 U.S. at 555).

        "Second, only a complaint that states a plausible claim for
relief survives a motion to dismiss." Id. at 1950 (citing Twombly,
550 U.S. at 556). Thus, any nonconclusory factual allegations in
the complaint, accepted as true, must be sufficient to give the
claim facial plausibility. Id. A claim has facial plausibility when
the pleaded facts allow the court to reasonably infer that the
defendant is liable for the specific misconduct alleged. Id. at

Civil No. 09-1268 (JAG)                                              8

1949, 1952. Such inferences must be more than a sheer possibility and at least as plausible as any obvious alternative explanation. Id. at 1949, 1951. Plausibility is a context-specific determination that requires the court to draw on its judicial experience and common sense. Id. at 1950.

## DISCUSSION

A. Timeliness of Claims Under the ADA, the Rehabilitation Act and Sections 1981, 1983, 1985 and 1986

Where Congress has not supplied a limitation period for a federal cause of action the analogous local limitations law is adopted. Vargas Alicea v. Consortium of Mayagüez/Las Marias, 360 F. Supp. 2d 367, 370 (D.P.R. 2005). In Puerto Rico, the appropriate limitations period for civil rights claims, including claims brought pursuant to sections 1983, 1985 and 1986 for violations of the First, Fifth and Fourteenth Amendments is the one year limitations period governing tort actions under Articles 1802 and 1803 of the Puerto Rico Civil Code. See Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004); see also Ramirez Morales v. Rosa Viera, 815 F.2d 2, 3-4 (1st Cir. 1987); Huertas Gonzalez v. University of Puerto Rico, 520 F. Supp. 2d 304, 313 (D.P.R. 2007). The same one year period is applied to claims brought under the ADA and the Rehabilitation Act. Vargas Alicea, 360 F. Supp. 2d at 370. Meanwhile, a limitations period of four years - supplied by 28 U.S.C. § 1658 - applies to claims brought

Civil No. 09-1268 (JAG)                                          9

pursuant to section 1981. <u>Howard v. Feliciano</u>, 2008 WL 3471295, at
*6 (D.P.R. 2008).

    Although state law provides the limitations period, federal
law determines the date on which the claim accrued. <u>Rodriguez-
Garcia v. Munipality of Caguas</u>, 354 F.3d 91, 96 (1st Cir. 2004).
"Under federal law, the limitations period begins to run when the
plaintiff 'knows or has reason to know of the injury which is the
basis for the claim.'" <u>Id.</u> at 96-97 (quoting <u>Rodriguez Narvaez v.
Nazario</u>, 29 F.3d 3, 4-5 (1st Cir. 1990)).

    Here, we find that Plaintiff knew of his injury on July 14,
2006. Plaintiff did not file the present complaint until March 18,
2009. Therefore, in order for Plaintiff's present Complaint to have
been timely filed, the limitations period must have been tolled by
the judgment ordering dismissal of the prior claims against AMA,
which Judge Casellas issued on March 18, 2008.

    Puerto Rico follows a "civil restart" tolling rule. <u>Lopez-
Gonzalez v. Municipality of Comerío</u>, 404 F.3d 548, 550 (1st Cir.
2005). Under this rule, "the institution of an action in court is
commonly held not only to interrupt the running of the applicable
statute of limitations but, at least in the event of a voluntary or
usual non-prejudicial dismissal of the original action, to cause
the entire limitations period to run anew from the date the
previous action came to a definite end." <u>Id.</u> at 552.

    However, the restart rule may not apply "where a dismissal

Civil No. 09-1268 (JAG)                                    10

without prejudice was imposed specifically as a sanction for repeated disobedience of the court's orders," such as a dismissal ordered pursuant to Fed. R. Civ. P. 41(b). Id. at 553. This District has also refused to apply restart tolling at the termination of an action where dismissal was ordered pursuant to Fed. R. Civ. P. 4(m). Garcia Rodriguez v. Laboy, 598 F. Supp. 2d 189, 196 (D.P.R. 2008). "In such cases, dismissal of the original suit, even though labeled without prejudice, nevertheless may sound the death knell for the plaintiff's underlying cause of action if the sheer passage of time precludes the prosecution of a new action." Id. (quoting Chico-Velez v. Roche Products, Inc., 139 F.3d 56, 59 (1st Cir. 1998)). This approach accords with the policy considerations stressed by the First Circuit Court of Appeals in Lopez-Gonzalez. There, the Court or Appeals found that "the use of restart tolling [to reset the limitations period following a dismissal for failure to comply with court orders] would frustrate the policy of repose, applicable in federal lawsuits, which is designed to protect defendants against the prosecution of stale claims and to protect the courts from having to decide the merits of such claims when the plaintiff has slept on his rights." Lopez-Gonzalez, 404 F.3d at 555 (internal quotation marks and citations omitted).

     AMA argues that the Rule 4(m) dismissal of Plaintiff's previous complaint for failure to timely serve process did not toll

Civil No. 09-1268 (JAG)                                        11

the limitations period. AMA thus contends that Plaintiff's claims
filed pursuant to the ADA, the Rehabilitation Act, sections 1983,
1985 and 1986, and Articles 1802 and 1803 are time barred. We
agree.

     Judge Casellas dismissed Plaintiff's prior claims against AMA
on March 18, 2008. The judgment specified that the claims were
dismissed without prejudice for Plaintiff's failure to comply with
Rule 4(m). Considering the principles of the case law discussed
above, however, that specification is not dispositive on the
tolling question.[1] Accordingly, we find that although the dismissal
of Plaintiff's prior claims was necessarily termed "without
prejudice," it nevertheless constituted a sanction of the sort that
this Court has ruled does not toll the Puerto Rico statute of
limitations.

     In sum, Plaintiff knew of his injury on July 14, 2006. The
limitations period began to run the following day, July 15, 2006.
The one year period restarted when Plaintiff filed his previous
action before Judge Casellas on July 13, 2007. However, because
Plaintiff's previous claims against Defendant were dismissed for

---

     [1] We note that Judge Casellas' judgment quoted precedent
holding that "in a period of overloaded dockets, prejudice to the
court is inherent in needless delays and postponements." (Docket
No. 11-4) (quoting Chuang Investments v. Eagle Inns, Inc., 81
F.3d 13, 14). Chuang Investments, the quoted case, affirmed a
district court's order of default judgment against a party that
had failed to timely comply with the court's orders. Chuang
Investments, 81 F.3d at 14.

Civil No. 09-1268 (JAG)                                            12

failure to comply with court orders, the limitations period did not
restart again when the judgment ordering dismissal of those claims
was issued on March 18, 2008. Therefore, the one year limitations
period expired on July 13, 2008, one year after Plaintiff filed his
previous suit. Accordingly, Plaintiffs claims filed on March 18,
2009 pursuant to the ADA, the Rehabilitation Act, and sections
1983, 1985 and 1986 are time barred and must be dismissed with
prejudice.

     B. <u>Sufficiency of Section 1981 Claim</u>

     Plaintiff's claim under section 1981 is the only federal claim
remaining in the case at bar. AMA argues that Plaintiff failed to
state a claim under section 1981 and, as such, said claim should be
dismissed pursuant to Fed. R. Civ. P. 12(b)(6). This Court agrees.
"Section 1981 . . . provides that . . . '[a]ll persons within the
jurisdiction of the United States shall have the same right in
every State and Territory to make and enforce contracts, to sue, be
parties, give evidence, and to the full and equal benefit of all
laws and proceedings for the security of persons and property as is
enjoyed by white citizens . . . .' As is plain to see from the text
of the statute, § 1981 is a provision designed to protect against
race-based discrimination." <u>Vargas Alicea</u>, 360 F. Supp. 2d at 372
(dismissing section 1981 claim where a plaintiff made no
allegations of racial discrimination). Here, because Plaintiff has
made no allegations of race-based discrimination, his section 1981

Civil No. 09-1268 (JAG)                                           13

claim must be dismissed with prejudice.

    C. <u>Supplemental State Law Claims</u>

    Finally, AMA argues that this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims because all the federal claims must be dismissed. This Court need not address whether Plaintiff has a colorable claim under Articles 1802 and 1803. Nor do we reach the question of whether Plaintiff's state law claims are time barred. Rather, we note that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." <u>Rivera v. Murphy</u>, 979 F.2d 259, 264-64 (1st Cir. 1992). Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims brought under Articles 1802 and 1803. Consequently, those claims must be dismissed without prejudice.

**CONCLUSION**

    For the reasons stated above, this Court **GRANTS** AMA's motion to dismiss all federal claims with prejudice. Plaintiff's supplemental state law claims shall be dismissed without prejudice. Judgment shall be entered accordingly.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico this 30th day of June, 2009.

Civil No. 09-1268 (JAG)                                              14

                                        S/Jay A. Garcia-Gregory
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge